IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEB WORLDWIDE HEALTHCARE, INC.,
DEB IP, LTD. and DEB SBS, INC.,

                                                    OPINION AND ORDER

                  Plaintiffs,

                                                    08-cv-52-bbc

   v.

BETCO, CORP.,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This civil suit for patent infringement is before the court on defendant Betco, Corp.'s motion to dismiss the case under the doctrine of <u>forum non conveniens</u>. Defendant has good reason for not wanting to be here: its principal place of business is in Ohio, its state of incorporation is there and it appears to have few contacts with Wisconsin. (In fact, plaintiffs do not identify any contacts that defendant has with this state.) Further, Wisconsin is not particularly convenient for plaintiffs either. Deb Worldwide Healthcare is located in Canada; Deb IP, Ltd. is located in England; Deb SBS, Inc. is a Delaware corporation. The only connection to Wisconsin they identify is a few distribution centers, which they have all over the country.

1

The facts in this case are virtually indistinguishable from those in <u>Carson v. Flexible Foam Products, Inc.</u>, No. 08-cv-95-bbc, 2008 WL 1901727 (W.D.Wis. Apr. 23, 2008), in which I granted the defendant's motion to transfer the case under 28 U.S.C. § 1404. As in <u>Carson</u>, the only reason plaintiffs give for bringing the suit to this court is speed. "Although docket speed is not an improper reason for choosing a particular judicial district, in this case plaintiffs' lack of connection to this district and defendant's close connection to the Northern District of Ohio tip the balance in favor of a change of venue." <u>Id.</u> at *1.

Also like the plaintiffs in <u>Carson</u>, plaintiffs argue that their choice of forum is entitled to deference. The response to this argument is the same: a plaintiff's choice of forum is entitled to significant deference "only when a plaintiff is litigating in his home forum. When he chooses to litigate elsewhere, the selection does not receive the same degree of deference." <u>Id.</u> at *2 (citing <u>Chicago, Rock Island & Pacific Railroad Co. v. Igoe</u>, 220 F.2d 299, 304 (7th Cir. 1955)).

The only difference between this case and <u>Carson</u> is that defendant seeks dismissal under the doctrine of <u>forum non conveniens</u> rather than transfer under § 1404. Defendant is a little behind the times: "[W]ith respect to cases wholly within the system of U.S. federal courts, the doctrine [of <u>forum non conveniens</u>] has been largely replaced by the transfer of venue statute, 28 U.S.C. § 1404(a)[;] it remains available as a ground for dismissal when a foreign court provides a more convenient forum." <u>Hyatt International Corp. v. Coco</u>, 302

2

F.3d 707, 717-18 (7th Cir. 2002). Defendant is not suggesting that England or Canada would be a more convenient forum. Rather, it says that it is "amenable to transfer of venue to the U.S. District Court for the Western Division, Northern District of Ohio – Toledo." Dkt. #14, at 6.

Accordingly, I will deny defendant's motion to dismiss, but I will transfer the case to the Northern District of Ohio under § 1404. Cf. Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986) (courts may deny motion to dismiss for lack of personal jurisdiction and instead transfer case to another venue where jurisdiction is proper). That district is no less convenient for plaintiffs than this one and, as I concluded in Carson, "[t]ransferring the case to the Northern District of Ohio will not undermine judicial economy." Id.

## ORDER

IT IS ORDERED that defendant Betco, Corp.'s motion to dismiss under the doctrine of forum non conveniens is DENIED. The case is TRANSFERRED to the Northern District

3

of Ohio, Western Division, under 28 U.S.C. § 1404.

Entered this 8th day of May, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

.

4